## SANCHEZ ET AL. *v.* DEERING.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 134. Argued January 14, 1926.—Decided March 1, 1926.

1. Confirmation by Congress of a Spanish grant in Florida, (Acts of March 3, 1823, February 8, 1827,) followed by survey, passed legal title. *Wilson Cypress Co.* v. *Marcos,* 236 U. S. 635. P. 229.
2. Claimants of an undivided interest in such a grant, and their predecessors, by postponing for seventy years after survey the suit against those holding under the confirmation, were guilty of laches. *Id.*

298 Fed. 286, affirmed.

APPEAL from a decree of the Circuit Court of Appeals which affirmed a decree of the District Court dismissing the bill in a suit to establish an interest in a tract of land

 Mr. *William Whitwell Dewhurst,* for appellants.

Mr. *Frederick M. Hudson,* for appellee.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

By a bill filed April 7, 1920, appellants sought to establish their right to one-half interest in 175 acres of land on Key Biscayne, Dade County, Fla., granted by Governor White to Pedro Fornells January 18, 1805, when the Floridas were under the dominion of Spain. Appellee Deering acquired legal title to the whole tract June 28, 1913.

In 1824, under claim of ownership through conveyance from Raphael Andreu, stepson of Fornells and alleged by her to be his sole heir, Mary Ann Davis obtained confirmation of the grant in herself by the Board of Commissioners empowered under the Act of March 3, 1823, c. 29, 3 Stat. 754, to ascertain and confirm title to East Florida lands arising under patents, grants, concessions or orders of survey dated prior to January 24, 1818. The Board's action was approved and confirmed by Act of February 8, 1827, c. 9, 4 Stat. 202. In 1847 the lands were surveyed under direction of the Surveyor General and segregated from the public domain.

June 30, 1827, Mrs. Davis and her husband deeded three acres to the United States and the Cape Florida Lighthouse was constructed thereon. They subsequently abandoned the light and, March 4, 1903, conveyed the three acres to Waters S. Davis, one of the heirs of Mary Ann Davis whose death occurred in 1885. He had purchased the interests of all other heirs during 1893. April 23, 1896, patent for the 175 acres issued to Mary Ann

Davis, but this was not delivered until 1898 because of protest by Venancio Sanchez, who claimed an interest. This protest was overruled by the Surveyor General, the Land Commissioner and the Secretary of the Interior. June 28, 1913, Waters S. Davis deeded the lands to Deering.

Complainants deraign their title to an undivided one-half interest through deed to Venancio Sanchez from Antonia Porsila (or Porala), daughter of Pedro Fornells and half sister of Raphael Andreu, executed by her May 26, 1843. About 1840 the husband of Mary Ann Davis sought to interest Sanchez, then and long afterwards a merchant at St. Augustine, Fla., in developing Key Biscayne. As a result, it is alleged, Sanchez discovered that Mrs. Davis did not own the entire property and that Antonia Porsila had inherited an interest therein. Accordingly he went to Havana and there secured the conveyance of the latter's interest.

Sanchez died in 1899. He knew Raphael Andreu, who lived for a long time at St. Augustine and probably died there, but the time is not shown. It does not appear when Antonia Porsila died.

Complainants sought to meet the anticipated defense of laches by alleging that they were not able to secure legal evidence of the relationship between Raphael Andreu and Antonia Porsila until the discovery of an index to the Spanish archives during the year 1919.

The trial court dismissed the bill upon motion, holding that appellants were chargeable with laches because of the long delay in seeking relief after issuance of the patent of 1896. The Circuit Court of Appeals affirmed this decree upon the view that the delay extended from the survey of 1847 when Mary Ann Davis secured full legal title. 298 Fed. 286.

Under circumstances very similar to those here presented *Wilson Cypress Co.* v. *Marcos*, 236 U. S. 635, holds

that confirmation of the Spanish grant by Congress followed by survey of the land passed the legal title. We can see no reason to depart from this view. The title of Mary Ann Davis dates from 1847. For more than seventy years thereafter appellants and their predecessors failed to assert their rights, if any, by legal proceedings. We agree with the Circuit Court of Appeals " that it is too late now to enter into the merits of a claim of title which could have been asserted and enforced if good, and rejected if bad, while the witnesses who knew about it were living and could have testified with reference to it."

The decree is

*Affirmed.*